IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DONNA G. BOGGS,**
**Claimant Below, Petitioner**

**FILED**

**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-54**          (JCN: 2024013680)

**JUSTICE FAMILY GROUP, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donna G. Boggs appeals the January 9, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Justice Family Group, LLC, ("JFG") filed a response.[1] Ms. Boggs did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied authorization for a pain management appointment with Chheany W. Ung, M.D., scheduled for April 18, 2024, and osteopathic manipulative therapy ("OMT").

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's order but no substantial question of law. For the reasons set forth below, a memorandum decision vacating and remanding for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 25, 2024, Ms. Boggs was seen by Isaac P. Mills, D.O., for neck pain, left hip pain, and low back pain from a fall that had occurred on the same day. Dr. Mills assessed low back pain, cervicalgia, and hip pain. Ms. Boggs underwent an x-ray of the cervical spine dated January 25, 2024, revealing no acute osseous abnormality. An x-ray of the lumbosacral spine dated January 25, 2024, revealed diffuse degenerative changes, most significant at L3-L4, with extensive scoliosis centered at L3 and no evidence of acute lumbar spine fracture.

---

[1] Ms. Boggs is represented by Patrick K. Maroney, Esq., Maroney, Williams, Weaver & Pancake, PLLC. JFG is represented by Billy R. Shelton, Esq., Shelton, Branham, and Halbert, PLLC.

Ms. Boggs submitted an Employees' and Physicians' Report of Occupational Injury or Disease dated February 23, 2024.[2] Ms. Boggs reported that on January 25, 2024, she sustained injuries to her back, neck, shoulders, and hip when she slipped and fell. Per the physician's section, Ms. Boggs sustained injuries to her gluteus medius, cervical musculature, and lumbar musculature as a direct result of an occupational injury. It was reported that the injury aggravated Ms. Boggs' prior chronic neck pain and low back pain.

A Preliminary Incident Report dated January 25, 2024, indicated that Ms. Boggs slipped and fell on January 25, 2024, and hurt her back, elbow, neck, and hip. A Supervisor's Injury Investigation report dated January 25, 2024, indicated that on January 25, 2024, Ms. Boggs fell in a slick hallway and injured her back, left elbow, left hip, and neck. An Employers' Report of Occupational Injury or Disease dated January 26, 2024, indicated that on January 24, 2024, Ms. Boggs slipped and fell on a walkway while going to work, injuring her right elbow, right hip, lower back, and neck.[3]

Between January 30, 2024, and July 15, 2024, Ms. Boggs was seen by Dr. Ung several times. Ms. Boggs presented with left hip pain, left shoulder pain, and lower back pain at the belt line following a workplace injury. Ms. Boggs reported that she injured her back in 2020 after lifting her mother-in-law and has had intermittent back pain since. Ms. Boggs further reported weakness in her left lower extremity that was not present prior to January 25, 2024. Dr. Ung assessed pain of left hip joint, neck pain, low back strain, long term use of non-steroid anti-inflammatory drug, strain of neck muscle, somatic dysfunction of lumbar region, somatic dysfunction of pelvic region, chronic low back pain, obesity, and chronic pain syndrome.

On April 2, 2024, a referral to OMT was made by John Garlitz, D.O., for the conditions of low back strain, neck pain, and strain of neck muscle. Ms. Boggs underwent MRIs of the cervical and lumbar spine on March 29, 2024. The cervical MRI revealed mild left foraminal encroachment at C3-C4 related to facet arthropathy and no evidence of cervical canal stenosis. The lumbar MRI revealed degenerative changes, mild left foraminal encroachment at L3-L4, and no evidence of significant lumbar canal stenosis. On April 30, 2024, Dr. Garlitz assessed Ms. Boggs with pain in the right hip secondary to altered gait mechanics from ongoing low back discomfort.

---

[2] Prior to the compensable injury, from 2019 through 2024, Ms. Boggs received treatment for multiple degenerative conditions affecting her neck and lower back, including significant low back pain in January of 2024. Ms. Boggs received cervical injections in November of 2023 for the diagnosis of cervical spondylosis.

[3] This appears to be a clerical error as all other evidence indicates that the compensable injury occurred on January 25, 2024.

2

Prasadarao B. Mukkamala, M.D., performed an independent medical evaluation of Ms. Boggs on April 9, 2024. Ms. Boggs presented with neck pain radiating to her head, headaches, low back pain with no radiation, and popping of the left hip. Ms. Boggs reported that physical therapy did not help. Ms. Boggs further reported that she developed neck pain in October of 2023 for which she had two injections which made her feel "100% better" prior to the compensable injury. Ms. Boggs also reported that she developed low back pain in 2020, from which she recovered very well. Dr. Mukkamala assessed an exacerbation of pre-existing neck pain and back pain. Dr. Mukkamala opined that there was no evidence of any new injury at the time of the compensable incident. Dr. Mukkamala further opined that there was no indication for any further treatment and that Ms. Boggs had reached maximum medical improvement ("MMI") from the compensable incident of January 25, 2024. On April 17, 2024, the claim administrator issued an order denying authorization for a pain management appointment and OMT based on Dr. Mukkamala's report. Ms. Boggs protested this order.

On April 18, 2024, Ms. Boggs was seen by Dr. Ung for back and neck pain. Ms. Boggs reported that she got no relief from the lumbar injections. Ms. Boggs reported that her pre-injury cervical pain had significantly improved following the cervical injections she underwent in December of 2023. Ms. Boggs further reported that her neck pain completely returned after the work-related fall. The assessment was chronic pain syndrome, cervical/lumbar; cervical degenerative disc disease; cervical spondylosis; lumbar spondylosis; lumbar facet arthrosis; hyperreflexia; and excessive acetaminophen use. On May 9, 2024, Ms. Boggs underwent left L3-L4 epidural steroid injections for the diagnosis of lumbar radiculopathy with degenerative disc disease. On June 24, 2024, Ms. Boggs reported that she received 20% relief from the epidural injections.

Ms. Boggs was deposed on August 20, 2024, and she testified that she fell on her hip and shoulder and twisted her neck and back on January 25, 2024. Ms. Boggs stated that she attended physical therapy that only helped her shoulder and nothing else. Ms. Boggs testified that she had excruciating pain in her neck radiating into her head and that since the fall she has had a continuous headache. Ms. Boggs stated that muscle relaxers did nothing for her pain, and that OMT and pain management were recommended for all her injuries. Ms. Boggs testified that prior to the compensable injury she had minor neck pain for which she had steroid shots and that her prior neck pain had resolved until the compensable injury. Ms. Boggs further testified that she had bilateral low back pain with radicular pain going into her hips since the compensable injury. Ms. Boggs indicated that when she saw Dr. Ung in November and December of 2023, her low back symptoms were similar to her symptoms after the compensable injury, but to a lesser degree. Ms. Boggs testified that her migraines had resolved over the last couple of years, but that, since the compensable injury, she has had a continuous headache.

3

Ms. Boggs submitted an undated Medical Statement form completed by Ryan Quinn, D.O., indicating that he was Ms. Boggs' treating physician. Based upon an examination of Ms. Boggs dated April 16, 2024, Dr. Quinn recommended an Osteopathic Manipulation Medicine referral and treatment. Dr. Quinn indicated that Ms. Boggs had suffered a workplace injury and that her symptoms had been resolved. Dr. Quinn further stated that Ms. Boggs did not respond to physical therapy and that imaging revealed nothing treatable by surgical procedures.

On January 9, 2025, the Board affirmed the claim administrator's order denying authorization for a pain management appointment with Dr. Ung, scheduled for April 18, 2024, and OMT. The Board found that Ms. Boggs had not established that the requested treatments of an OMT referral and pain management appointment with Dr. Ung scheduled for April 18, 2024, are medically related and reasonably required for compensable injury. Ms. Boggs now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Here, the Board determined that Ms. Boggs had not established that the requested treatments of an OMT referral and pain management appointment with Dr. Ung scheduled for April 18, 2024, are medically related and reasonably required for compensable injury.

Upon review, we conclude that the Board failed to adequately consider and analyze the evidence in this claim. The Board simply restated the findings of Dr. Mukkamala and

4

Dr. Garlitz and then adopted the findings of Dr. Mukkamala without any explanation or determination of the reliability/credibility of the evidence. *See Workman v. ACNR Resources, Inc.*, __ W.Va. __, 916 S.E.2d 638 (2025), and *Gwinn v. JP Morgan Chase*, No. 23-172, 2024 WL 4767011 (W. Va. Nov. 13, 2024) (memorandum decision).

Accordingly, we vacate the Board's January 9, 2025, order, and remand the claim to the Board for further proceedings consistent with this order.

Vacated and Remanded.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White